UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Clifton Lee Davis, # 262942,<br>*a/k/a Clifton L. Davis,* | ) C/A No.  9:14-453-JMC-BM<br>)<br>) |
| Petitioner, | )<br>) **REPORT AND RECOMMENDATION** |
| vs. | )<br>) |
| Gregory T. Knowlin, Warden, Turbeville CI, | )<br>) |
| Respondent. | )<br>) |

Petitioner, a state prisoner proceeding *pro se*, files this matter pursuant to 28 U.S.C. §2254. Petitioner is confined at the Turbeville Correctional Institution, a facility run by the South Carolina Department of Corrections, where he is serving a sentence of thirty years for two counts of distribution of crack cocaine, and a concurrent fifteen-year sentence on one count of distribution of crack cocaine within proximity of a school. *See Davis v. Stevenson*, C/A No. 9:08-3255-GRA-BM (D.S.C.).* Petitioner contends that he may bring this motion pursuant to *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), as his appeals counsel neglected to properly present his ineffective assistance claim in state court. (ECF No. 1-1 at 5.)

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, the Anti-Terrorism and Effective Death Penalty Act of 1996, Public Law 104-132,110 Stat. 1214 ("AEDPA"), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992);



---

* This Court may take judicial notice of its own records. *See Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (District Court clearly had the right to take notice of its own files).

*Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); and *Todd v. Baskerville,* 712 F.2d 70 (4th Cir. 1983). Additionally, this court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5 (1980) (*per curiam*). However, even when considered under this less stringent standard, the undersigned finds that the *pro se* petition filed in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Petitioner has previously filed a petition for writ of habeas corpus in this Court challenging the same convictions and sentences he is challenging in the above-captioned matter. In *Davis v. Stevenson*, *supra*, the respondent's motion for summary judgment was granted by the order of the Honorable G. Ross Anderson, United States District Judge. *Id.* (ECF Nos. 41, 42). The United States Court of Appeals for the Fourth Circuit dismissed Petitioner's appeal and denied a certificate of appealability. *Id.* (ECF Nos. 50, 51).

This Petition is subject to dismissal under Rule 9(b) of the Section 2254 Rules, and Section 106 of the AEDPA. *See McClesky v. Zant*, 499 U.S. 467 (1991); *Bennett v. Angelone*, 92 F.3d 1336, 1343 (4th Cir. 1996); *Miller v. Bordenkircher*, 764 F.2d 245, 248–50 & nn.3–5 (4th Cir. 1985). Specifically, there is no indication that Petitioner has obtained leave from the Fourth Circuit Court of Appeals to file this matter again, and leave from that court is required under the AEDPA for filers of successive § 2254 petitions.



2

When a petitioner has previously litigated a § 2554 petition, he or she must, "[b]efore a second or successive application permitted by this section is filed in the district court, . . . move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Thus, even if a petitioner's grounds for relief satisfy the strict requirements for instances when a successive petition is appropriate, *see* § 2244(b)(2), the appellate court is the proper tribunal to make the decision when authorization is requested, not the district court. As the Fourth Circuit explained in *In re Williams*, 364 F.3d 235 (4th Cir. 2004), the "initial determination of whether a claim satisfies" the requirements of § 2244(b)(2) "must be made by a court of appeals." *Id.* at 238; *see also In re Fowlkes*, 326 F.3d 542, 544 (4th Cir. 2003) ("Since Fowlkes has previously filed a section 2254 motion, he may only file a successive section 2254 motion if he receives authorization from [the Fourth Circuit Court of Appeals] under the standard established in section 2244(b)(3)(C)."); *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization [from the court of appeals], the district court lacks jurisdiction to consider an application containing abusive or repetitive claims."). Furthermore, "[t]he grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." 28 U.S.C. § 2244(b)(3)(E).

The issue of successiveness of a habeas petition may be raised by the Court *sua sponte*. *Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997); *Latimer v. Warden*, No. 6:10-721-JFA-WMC, 2010 WL 2720912 (D.S.C. July 08, 2010). Because Petitioner has had a previously litigated



3

§ 2254 petition concerning his convictions and sentences, and there is no indication that Petitioner

has sought leave from the Fourth Circuit Court of Appeals to file a successive § 2254 petition, this

case is subject to summary dismissal.

<div align="center">

**RECOMMENDATION**

</div>

Accordingly, it is recommended that the § 2254 petition in the above-captioned case be

dismissed *without prejudice*, without requiring the respondents to file a return.

<div style="margin-left:40%;">

_____
Bristow Marchant
United States Magistrate Judge

</div>

March 21, 2014
Charleston, South Carolina

<div align="center">

***Petitioner's attention is directed to the important NOTICE on the following page.***

</div>

<div align="center">

4

</div>



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

<div align="center">

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

</div>

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).



5